RECEIVED

SEP 05 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Plaintiff(s)                                    )        **UNITED STATES DISTRICT COURT**
                                                )        **NORTHERN DISTRICT OF ILLINOIS**
        Darryl C. Mollison                      )
                v.                              )
                                                )
                                                )        **1:19-cv-05946**
                                                )        **Judge John Z. Lee**
Defendant(s)                                    )        **Magistrate Judge Susan E. Cox**
                                                )
        Commissioner of Internal Revenue        )

## COMPLAINT

### Jurisdiction

Within the current dispute between parties, Darryl C. Mollison, herein forwarding such addresses as a reasonable person(Plaintiff), and the Commissioner of Internal Revenue, hereafter addressed as IRS, Secretary , Defendant and/or Tax Advocate Service (TAS), the venue of resolution being the U.S. Federal Court—pursuant to powers and authorities of Title 28 USC § 1331, § 1491(a)(1), (2) and Title 26 6512(b) for the due process and procedure of jurisdiction that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States ","shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States," "to provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment," wherein "the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just" and "shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer," respectively, are herein sought and invoked.

### Claim for Relief- Misadministration of Taxation Procedure

### (Proximate Cause)

Under the duties and portents of the Commissioners of Internal Revenue entailed in Title 26 USC §7803 paragraph (2)(a), (3) and (4), in their entirety adjoin the duties to "administer, manage, conduct, direct, and supervise the execution and application of the internal revenue laws," "ensure that employees of the Internal Revenue Service are familiar with and act in accord with taxpayer rights" and "shall consult with the Oversight Board on all matters set forth in paragraphs (2) and (3)," Defendant would be disposed to such duties within the scope of interests formed under this complaint.

Wherein the substantive argument is the processing of 1045 Tentative Application for Refund filed in Tax Year (TY) 2018 for the originating period of 2017 filing, the dispute arises from the inherent

inconsistences with the procedure and administration of such filing.   Pursuant to the instructions of the 1045 form:

- You must file Form 1045 within 1 year after the end of the year in which an NOL claim of right adjustment arises.
- The IRS will process your application within 90 days from the later of: The date you file the complete application, or The last day of the month that includes the due date (including extensions) for filing your 2017 income tax return (or, for a claim of right adjustment, the date of the overpayment under section 1341(b)(1)).
- File with the Internal Revenue Service Center for the place where you live

Certified Delivery Receipt Numbers:

70173040000026697596 delivered at 12:17 pm on February 19, 2018 in FRESNO, CA 93888 Form 1040 2017 filing; 70173040000026697589 delivered at 6:19 am on February 22, 2018 in FRESNO, CA 93888 Form 1045 2017 Separate filing; 70150640000600012154 delivered on March 19, 2018 at 5:19 pm Delivered FRESNO, CA 93888 Form 1040X 2015 Amended Tax filing.

Equally cited in the 2019 U.S. Master Tax Guide:

- "If a refund is not issued within the 45-day grace period, interest is payable for the period from the due date of the original return to the date the refund is paid.  The interest rate the IRS must pay for overpayment of taxes by noncorporate taxpayers is equal to the federal short-term rate plus three percentage points."
- These remedies coincide directly with 26 U.S. Code § 6611 (e)(2)(a)(b) and (3) and § 6401(c) Amounts treated as overpayments

Addressable to IRM 6411(b) &( c)(2), CFR 5.6411-1 (e), IRC 1341(b)(1), IRS Section 6402(a), The Tax Payer's Bill of Rights( #1,2,4,5, &9), 26 CFR 301.6621-1: Interest rate-Determination of Interest and REV. RUL. 2018-12 TABLE 1 and d(2), the mandatory filing of supplemental forms with the 2015 1040X (notation "Do Not Process"), the 90-day processing deadline had elapsed at the most extended date of April 3rd, 2018.

IRS Letter 662C was forwarded with the corrections of the then only confirmed receipt of the 1045 form. Such corrections stipulated that the amended return was processed upon these corrections, entered into the database and remitted with the concurrent refund of $281.

No further acknowledgement of the receipt of the 1045 form filled in February 16th, 2018 was confirmed until December 6th of the same year, whereby a resubmission of the signed original (uncorrected) copy was fax to the TAS service center–with limits of such processing set forth in Title 26 USC § 6411(b) ALLOWANCE OF ADJUSTMENTS.

Thereafter, Title 26 CFR § 301.6621-1: Interest rate-Determination of Interest addresses the accumulation of interest to such distributions after the 45 day mandate upon the acceptance of such filing in processable form, concurrently, 26 U.S. Code § 6622 (a), under the general rule, stipulates that "in computing the amount of any interest required to be paid under this title or sections 1961(c)(1) or 2411 of title 28, United States Code, by the Secretary or by the taxpayer, or any other amount determined by reference to such amount of interest, such interest and such amount shall be compounded daily." In tandem, the 90-day statute of processing and refund being materially breached

with concurrent 60-day extension requests in letters 2645C (December 24th, 2018) and 2644C (February 15th, 2019) substantively infer of noncompliant administration after the resubmission to original documents to TAS on December 6th, 2018.

With regard to the procedural execution of remedy, this compliant infers that the IRS operations advanced to misadministration within the course of oversight at numerous occasions. Embodied in Title 26 USC §7803 (3), 4(1)(B)(iii) and IRM 13.1.1.1.1 Taxpayer Bill of Rights (TBOR), recorded correspondence and directed actions of advisement were disproportionate to the standards held within the Taxpayer Bill of Rights and various Internal Revenue procedural guidelines. The administration of IRS in these matters availed to the level of personal and financial injury through inconsistent treatment of sought remedies. IRS's oversights were inconsistent even with the advocacy of U.S. Congressional member offices in departure of IRM 4.4.19.2 Criteria for Issuance of Manual Refunds under the hardship provisions. Also inferred are that several deferrals of procedure were committed under the hardship manual refund request protocols, requested in June of 2019, by TAS within the scope of:

IRM 4.4.19.8.1 Form 3753

> d. A hardship situation necessitates a quicker refund than normal systemic processing can provide. A Taxpayer Advocate Service (TAS) employee can initiate a hardship direct deposit, once all documentation has been received, using an Operations Assistance Request (OAR).
> f. Direct Deposit/Fed wire.

IRM 3.17.79.3.3 Issuing Hardship Refunds

> 2. Taxpayer Advocate Service (TAS) refund requests will be received as hardships. Manual refund cases received as a paper check (Form 5792) requests must be complete and contain all required supporting documentation (including third party verification or a signed statement from the Local Tax Advocate (LTA)) in order for TAS to initiate. See IRM 21.4.4, *Manual Refunds*.
> 3. A direct deposit (Form 3753) request must be complete and contain all required supporting documentation (including 3rd party verification) or a signed statement from the LTA in order for TAS to initiate. In addition to following procedural guidelines in IRM 21.4.4, *Manual Refunds*, the following must be included to substantiate an ACH/Direct Deposit (DD) request:
>
> > a. Proof of economic hardship to support issuing an ACH/DD manual refund.
> > b. Proof from bank that a savings or checking account exists and it is the account of the taxpayer or a voided check. Use discretion when taxpayer accounts are Married Filing Joint (MFJ).

IRM 4.4.19.2 Criteria For Issuance of Manual Refunds:

> d. Hardship - Those refunds, required based on a hardship, where the taxpayer needs the refund in less than ten days.
> e. Congressional Inquiries, concerning processing delays and the IRS is at fault.

IRM 13.1.1.1.1 Taxpayer Bill of Rights (TBOR)

> 2. This legislation included a provision, that authorized the Taxpayer Ombudsman (now National Taxpayer Advocate), to issue Taxpayer Assistance Orders (TAOs) when taxpayers were suffering or about to suffer significant hardships because of the way the Internal Revenue laws were being administered. This was expanded by the

Commissioner to include any instance where a taxpayer was suffering or about to suffer a significant hardship, regardless of the cause of the hardship.

### Demand- Recovery of Overpayment and Enforcement of Judgement

Wherefore, this complaint infers that the IRS's misadministration of the statutory procedure as imminent causa prima, led to the injury and reduction of Plaintiff's personal, financial, business interests and promise in severalty, demand immediate remission of due recourse addressable under the enlisted procedures and such other relief to which plaintiff is entitled at law or in equity.

Signature: _Darryl C Mollison_ Date: _____ August 29, 2019 _____

Darryl C. Mollison

Street: 9014 S. Marshfield Ave.

City:    Chicago, IL 60620-5455

Phone: 312-522-7456

Email:  dcmollison@outlook.com

| Plaintiff | United States District Court | Defendant |
|---|---|---|
| Darryl C. Mollison | Northern District of Illinois | Commissioner of Internal |
| | Everett McKinley Dirksen U.S. | Revenue |
| 9014 S. Marshfield Ave | Courthouse | 1111 Constitution Ave. NW, |
| Chicago, IL 60620 | 219 South Dearborn Street | Washington, DC 20526 |
| 312-522-7456 | Chicago, IL 60604 | 202-622-1710 |
| dcmollison@outlook.com | 312-435-5670 | |
| Notice of Civil Complaint: | Request for Representation Entered | |