**AMENDED**

RECEIVED
OCT 25 2019
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Plaintiff(s) )

Darryl C. Mollison )
v. )
)
)
Defendant(s) )
)
Commissioner of Internal Revenue )

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

1:19-CV-05946

Judge _____ Lee

FILED
1/6/2020 LS
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COMPLAINT

### Jurisdiction

Within the current dispute between parties, Darryl C. Mollison, herein forwarding such addresses as a reasonable person(Plaintiff), and the Commissioner of Internal Revenue, hereafter addressed as IRS, Secretary , Defendant and/or Tax Advocate Service (TAS), beseech the court, under the authority of the Court of Federal Claims' jurisdiction to administrate over the questions at bar, pursuant to the 28 USC §2505, Tucker Act 28 USC § 1491(exclusive jurisdiction), Title 28 USC § 1331, 28 USC § 1491(a)(1), (2) and Title 26 6512(b) and with reflection on the relief of limitations inherent with the US District Courts embodied in 28 USC 1346 (a)(2)—enlisting powers and authorities of the aforementioned , that due process and procedure of such jurisdiction state, "Any judge of the United States Court of Federal Claims may sit at any place within the United States to take evidence and enter judgment," "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States ","shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States," "to provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment," wherein "the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just" "shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer," and "The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of any other civil action or claim against the United States, not exceeding $10,000 in amount—not sounding in tort" respectively, are herein sought and invoked.

### Claim for Relief- Misadministration of Taxation Procedure

#### (Proximate Cause)

Under the duties and portents of the Commissioners of Internal Revenue entailed in Title 26 USC §7803 paragraph (2)(a), (3) and (4), in their entirety adjoin the duties to "administer, manage, conduct, direct, and supervise the execution and application of the internal revenue laws," "ensure that employees of

the Internal Revenue Service are familiar with and act in accord with taxpayer rights" and "shall consult with the Oversight Board on all matters set forth in paragraphs (2) and (3)," Defendant would be disposed to such duties within the scope of interests formed under this complaint.

Wherein the substantive argument is the processing of 1045 Tentative Application for Refund (being the formal request for refund) filed in Tax Year (TY) 2018 for the originating period of 2017 filing, the dispute arises from the statutory misadministration of such filing. Subsequently, an additional request for refund was made via form 3911 being filed as instructed by May 10th, 2019 with addendum; the addendum being affixed to address the absence of released figures from the IRS for the 1045 filing as the unrefunded sums accrued interest. Pursuant to the instructions of the 1045 form:

- You must file Form 1045 within 1 year after the end of the year in which an NOL claim of right adjustment arises.
- The IRS will process your application within 90 days from the later of: The date you file the complete application, or The last day of the month that includes the due date (including extensions) for filing your 2017 income tax return (or, for a claim of right adjustment, the date of the overpayment under section 1341(b)(1)).
- File with the Internal Revenue Service Center for the place where you live

Certified Delivery Receipt Numbers:

70173040000026697596 delivered at 12:17 pm on February 19, 2018 in FRESNO, CA 93888 Form 1040 2017 filing; 70173040000026697589 delivered at 6:19 am on February 22, 2018 in FRESNO, CA 93888 Form 1045 2017 Separate filing; 70150640000600012154 delivered on March 19, 2018 at 5:19 pm Delivered FRESNO, CA 93888 Form 1040X 2015 Amended Tax filing.

Equally cited in the 2019 U.S. Master Tax Guide:

- "If a refund is not issued within the 45-day grace period, interest is payable for the period from the due date of the original return to the date the refund is paid. The interest rate the IRS must pay for overpayment of taxes by noncorporate taxpayers is equal to the federal short-term rate plus three percentage points."
- These remedies coincide directly with 26 U.S. Code § 6611 (e)(2)(a)(b) and (3) and § 6401(c) Amounts treated as overpayments

Addressable to IRM 6411(b) &( c)(2), CFR 5.6411-1 (e), IRC 1341(b)(1), IRS Section 6402(a), The Tax Payer's Bill of Rights( #1,2,4,5, &9), 26 CFR 301.6621-1: Interest rate-Determination of Interest and REV. RUL. 2018-12 TABLE 1 and d(2), the mandatory filing of supplemental forms with the 2015 1040X (notation *"Do Not Process"*), the 90-day processing deadline had elapsed at the most extended date of April 3rd, 2018.

IRS Letter 662C was forwarded with the corrections of the then only confirmed receipt of the 1045 form. Such corrections stipulated that the amended return was processed upon these corrections, entered into the database and remitted with the concurrent refund of $281.

No further acknowledgement of the receipt of the 1045 form filled in February 16th, 2018 was confirmed until December 6th of the same year, whereby a resubmission of the signed original (uncorrected) copy was fax to the TAS service center–with limits of such processing set forth in Title 26 USC § 6411(b) ALLOWANCE OF ADJUSTMENTS.

Thereafter, Title 26 CFR § 301.6621-1: Interest rate-Determination of Interest addresses the accumulation of interest to such distributions after the 45 day mandate upon the acceptance of such filing in processable form, concurrently, 26 U.S. Code § 6622 (a), under the general rule, stipulates that "in computing the amount of any interest required to be paid under this title or sections 1961(c)(1) or 2411 of title 28, United States Code, by the Secretary or by the taxpayer, or any other amount determined by reference to such amount of interest, such interest and such amount shall be compounded daily." In tandem, the 90-day statute of processing and refund being a superseded with concurrent 60-day extension requests in letters 2645C (December 24th, 2018) and 2644C (February 15th, 2019) substantively infer of noncompliant administration after the resubmission to original documents to TAS on December 6th, 2018.

With regard to the procedural execution of remedy, this compliant infers that the IRS operations advanced to misadministration within the course of oversight at numerous occasions. Embodied in Title 26 USC §7803 (3), 4(1)(B)(iii) and IRM 13.1.1.1.1 Taxpayer Bill of Rights (TBOR), recorded correspondence and directed actions of advisement were disproportionate to the standards held within the Taxpayer Bill of Rights and various Internal Revenue procedural guidelines. The administration of IRS in these matters availed to the level of personal and financial injury through inconsistent treatment of sought remedies. IRS's oversights were inconsistent even with the advocacy of U.S. Congressional member offices in departure of IRM 4.4.19.2 Criteria for Issuance of Manual Refunds under the hardship provisions. Also inferred are that several deferrals of procedure were committed under the hardship manual refund request protocols, requested in June of 2019, by TAS within the scope of:

> IRM 4.4.19.8.1 Form 3753
>> d. A hardship situation necessitates a quicker refund than normal systemic processing can provide. A Taxpayer Advocate Service (TAS) employee can initiate a hardship direct deposit, once all documentation has been received, using an Operations Assistance Request (OAR).
>> f. Direct Deposit/Fed wire.
>
> IRM 3.17.79.3.3 Issuing Hardship Refunds
>> 2. Taxpayer Advocate Service (TAS) refund requests will be received as hardships. Manual refund cases received as a paper check (Form 5792) requests must be complete and contain all required supporting documentation (including third party verification or a signed statement from the Local Tax Advocate (LTA)) in order for TAS to initiate. See IRM 21.4.4, *Manual Refunds*.
>> 3. A direct deposit (Form 3753) request must be complete and contain all required supporting documentation (including 3rd party verification) or a signed statement from the LTA in order for TAS to initiate. In addition to following procedural guidelines in IRM 21.4.4, *Manual Refunds*, the following must be included to substantiate an ACH/Direct Deposit (DD) request:
>>> a. Proof of economic hardship to support issuing an ACH/DD manual refund.
>>> b. Proof from bank that a savings or checking account exists and it is the account of the taxpayer or a voided check. Use discretion when taxpayer accounts are Married Filing Joint (MFJ).
>
> IRM 4.4.19.2 Criteria For Issuance of Manual Refunds:

  d. Hardship - Those refunds, required based on a hardship, where the taxpayer needs the refund in less than ten days.
  e. Congressional Inquiries, concerning processing delays and the IRS is at fault.
IRM 13.1.1.1.1 Taxpayer Bill of Rights (TBOR)

 2. This legislation included a provision, that authorized the Taxpayer Ombudsman (now National Taxpayer Advocate), to issue Taxpayer Assistance Orders (TAOs) when taxpayers were suffering or about to suffer significant hardships because of the way the Internal Revenue laws were being administered. This was expanded by the Commissioner to include any instance where a taxpayer was suffering or about to suffer a significant hardship, regardless of the cause of the hardship.

### Demand- Recovery of Overpayment and Enforcement of Judgement

Wherefore, this complaint infers that the IRS's misadministration of the statutory procedure as imminent causa prima, demand immediate remission of due recourse addressable under the enlisted procedures and such other relief to which plaintiff is entitled at law or in equity.

Signature: *Darryl C Mollison*    Date: October 21, 2019

Darryl C. Mollison

Street: 9014 S. Marshfield Ave.

City: Chicago, IL 60620-5455

Phone: 312-522-7456

Email: dcmollison@outlook.com

| Plaintiff | United States District Court<br>Northern District of Illinois | Defendant |
|---|---|---|
| Darryl C. Mollison | Everett McKinley Dirksen U.S. Courthouse | Commissioner of Internal Revenue |
| 9014 S. Marshfield Ave | 219 South Dearborn Street | 1111 Constitution Ave. NW, |
| Chicago, IL 60620 | Chicago, IL 60604 | Washington, DC 20526 |
| 312-522-7456 | 312-435-5670 | 202-622-1710 |
| dcmollison@outlook.com | | |
| Notice of Civil Complaint: | Request for Representation Entered | |

ILND 44 (Rev. 09/07/18)

# CIVIL COVER SHEET

The ILND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(See instructions on next page of this form.)*

## I. (a) PLAINTIFFS
Darryl C. Mollison

### DEFENDANTS
Commissioner of Internal Revenue

**(b)** County of Residence of First Listed Plaintiff: Cook
*(Except in U.S. plaintiff cases)*

County of Residence of First Listed Defendant: Washington County
*(In U.S. plaintiff cases only)*
Note: In land condemnation cases, use the location of the tract of land involved.

**(c)** Attorneys *(firm name, address, and telephone number)*
Request for Representation Entered

Attorneys *(if known)*

## II. BASIS OF JURISDICTION *(Check one box, only.)*

- [ ] 1 U.S. Government Plaintiff
- [x] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government not a party)*
- [ ] 4 Diversity *(Indicate citizenship of parties in Item III.)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only.)*
*(Check one box, only for plaintiff and one box for defendant.)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Check one box, only.)*

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS**
*PERSONAL INJURY*
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

*PERSONAL INJURY*
- [ ] 530 General
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
- **Habeas Corpus:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee – Conditions of Confinement

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent – Abbreviated New Drug Application
- [ ] 840 Trademark

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729 (a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 485 Telephone Consumer Protection Act (TCPA)
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus - Alien Detainee (Prisoner Petition)
- [ ] 465 Other Immigration Actions

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAXES**
- [x] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

## V. ORIGIN *(Check one box, only.)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation
- [ ] 8 Multidistrict Litigation Direct File

## VI. CAUSE OF ACTION *(Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)*
Misadministration of Taxation Procedure

## VII. PREVIOUS BANKRUPTCY MATTERS *(For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.)*

## VIII. REQUESTED IN COMPLAINT:
[ ] Check if this is a **class action** Under rule 23, F.R.CV.P. Demand $ in equity

Check Yes only if demanded in complaint.
Jury Demand: [ ] Yes [x] No

## IX. RELATED CASE(S) IF ANY *(See instructions)*
19-cv-05946  Judge: John Z. Lee  Case Number: 19-cv-05946

## X. Is this a previously dismissed or remanded case? [ ] Yes [x] No  If yes, Case # ___ Name of Judge ___

Date ___  Signature of attorney of record ___